IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNETH CULBREATH,**

    **Plaintiff,**

v.    Civil Action No. 1:07cv113
    (Judge Keeley)

**HARLEY LIPTTON, Ex. Dir. Bureau of Prisons[1],**
**JOYCE FRANCIS, Warden F.C.I. Gilmer,**
**E, MACE, DO, Clinical Director F.C.I. Gilmer,**
**SPEARS, Food Service Administrator,**
**WILSON, Assistant Food Service Administrator,**
**HORBAT CO.,[2]**
**U.S. ATTY. For Northern District of West Virginia,**
**JOHN DOE,**
**JANE DOE,**
**ALL UNKNOWN PARTIES,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On August 22, 2007, the plaintiff, initiated this case by filing a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. On October 18, 2007, the plaintiff was granted leave to proceed without prepayment of fees. On October 18, 2007, the plaintiff was directed to provide the Court with proof that he has exhausted his administrative remedies as required by the Prison Litigation

---

[1] The Director of the Bureau of Prisons is actual Harley **Lappin**. Accordingly, in the text of this Report and Recommendation, the undersigned has used Mr. Lappin's correct name.

[2] The plaintiff is apparently referring to Hobart Co. Accordingly, in the text of this Report and Recommendation, the undersigned has used the company's correct name.

Reform Act (PLRA).On October 31, 2007, the plaintiff responded and attached copies of his administrative remedies. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

## I. **The Complaint**

In his complaint, the plaintiff, who is a federal inmate incarcerated at FCI Gilmer, alleges that he has been a dishwasher for over four years at that facility. The plaintiff further alleges that on October 9, 2006, he was working his normally scheduled hours, when the door of the dishwasher he was cleaning fell on his right hand and caused severe injuries. The plaintiff continues that Dr. Mace applied a plaster type cast that was removed after four weeks. The plaintiff maintains that he suffers physical anguish and stress related disorder as the result of the accident. He seeks a declaratory judgment and damages against the defendants for failure to adequately perform normal servicing and maintenance of the dishwashing equipment.

## II. **Standard of Review**

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether is it frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under

Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327.

### III. Analysis

#### A. Defendants Lappin and Francis

In a Bivens proceeding, liability is "personal, based upon each defendant's own constitutional violations." Truloch v. Freeh, 2755 F.2d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, in order to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainbright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for violation of a constitutional right in a Bivens case. Rizzo v. Good 423 U.S. 362 (1976).

Here, Plaintiff does not allege any personal involvement on the part of Defendants Lappin and Francis. Instead, it appears that Plaintiff has named these defendants only in their official capacities as the Director of the Federal Bureau of Prisons and Warden of FCI Gilmer. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Thus, remedy under Bivens is not available against these defendants in their official capacity.

#### B. Defendants Mace and the United States Attorney for the Northern District

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading, which sets forth a claim for relief, whether an original claim, counter claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...(2) a short and plain statement of the claim **showing that the pleader is entitled to relief**, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required that the bald statement by the plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001)(citation and internal quotations omitted).

The plaintiff named E. Mace, DO, and the United States Attorney as defendants in this action simply by listing their names in the caption of the case. However, in the body of the complaint, the plaintiff fails to allege, much less establish that these defendants participated or were otherwise involved in any violation of his constitutional rights[3]. As noted above, a bald statement that he is entitled to relief from a defendant without any factual support is insufficient. Accordingly, the plaintiff has insufficiently pled and/or failed to state a claim, against defendant Mace and they United States Attorney and they should be dismissed. See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

**C. Defendant Co Hobrat**

Again, except for naming this defendant in the style of the case, the plaintiff makes no specific allegations against it, nor does he provide any information that would help identify who or what Co.

---

[3]It would appear that Dr. Mace is a medical doctor and perhaps the clinical director at FCI Gilmer. Nowhere in any of the documents filed by the plaintiff, including the administrative remedies he submitted, is there any allegation that he received improper medical care for his broken arm. Inasmuch as the defendant's claim is that staff failed to properly inspect and maintain the dishwasher equipment, Dr. Mace would have no personal involvement in any of the events leading up to his broken arm.

Hobrat is. However, in reviewing the administrative remedies, it is clear that Hobrat is a company that manufactures and services the dishwashers used at FCI Gilmer. Therefore, this defendant is neither an individual, nor a federal employee. Therefore, it is not a proper defendant in a Bivens claim.

**D. Defendants John Doe, Jane Doe, and All Unknown Parties**

A plaintiff may name "John Doe" as a defendant when the identity of a defendant is unknown. Boyd v. Gullet, 64 F.R.D. 169 (D. Md. 1974). However, a district court is not required "to wait indefinitely" for the plaintiff to provide the defendant's true identity to the Court. Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980).

The plaintiff has had sufficient time to identify all defendants in this action. Moreover, the plaintiff has made no allegation whatsoever that any unknown defendants were responsible for his injuries. Because the plaintiff has not provided the Court with the identity of John/Jane Doe, or the unknown parties, and has failed to indicate how these unidentified individuals violated his constitutional rights, the complaint against John/Jane Doe and the unknown parties should be dismissed.

**E. Defendants Spears, Wilson and Miller**

The plaintiff alleges that he was severely injured when the door of the dishwasher he was cleaning fell on his arm. To prevail, the plaintiff must demonstrate that prison officials acted with deliberate indifference by showing that the officials knew of and disregarded an excessive risk to inmate safety or health. Stated more definitively, the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw such an inference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, the plaintiff makes no specific allegations against Spears, Wilson, or Miller. However,

5

the plaintiff identifies Spears as the Food Service Administrator, Wilson as the Assistant Food Service Administrator, and Miller as the Safety Director. In addition, in his administrative remedies, the plaintiff indicates that many complaints were made about the doors on the dishwasher, but they were ignored. Liberally construed, the plaintiff's complaint raises an allegation of deliberate indifference, and these three defendants presumably would be responsible for maintaining the dishwashing equipment and ensuring the safety of the inmates who operate that equipment. Accordingly, these three defendant should be made to answer the complaint.

## IV. RECOMMENDATION

In consideration of the foregoing, the undersigned makes the following recommendations:

(1) the plaintiff's claims against Harley Lappin and Joyce Francis be **DISMISSED with prejudice** and Harley Lappin and Joyce Francis be dismissed as defendants in this action;

(2) the plaintiff's claims against E. Mace be **DISMISSED with prejudice** and E. Mace be dismissed as a defendant in this action;

(3) the plaintiff's claims against Co Hobrat and the US Attorney be **DISMISSED with prejudice** and Co Hobrat and the US Attorney be dismissed as defendants in this action;

(4) the plaintiffs claims against John Doe, Jane Doe, and All Unknown Parties be **DISMISSED with prejudice** and John Doe, Jane Doe, and all Unknown Parties be dismissed as defendants in this action; and

(5) the plaintiff's claims against Spears, Wilson, and Miller proceed, and that those defendants be **SERVED** with a copy of the summons and complaint through the United States Marshall Service. In addition, a copy of the summons and complaint should be served upon the United States through the United States Attorney for the Northern District of West Virginia and the Attorney General of

the United States in Washington, D.C.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested.

Dated: July 22, 2008

          /s/ Jame E. Seibert
          JAMES E. SEIBERT
          UNITED STATES MAGISTRATE JUDGE