IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNETH CULBREATH,**

    **Plaintiff,**

v.                                                    **Civil action no. 1:07cv113**
                                                      **(Judge Keeley)**

**SPEARS, Food service Administrator,**
**WILSON, Assistant Food Service Administrator,**
**MILLER, Safety Director,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On August 22, 2007, the *pro se* plaintiff, Kenneth Culbreath initiated this action. On October 18, 2007, the plaintiff was granted leave to proceed *in forma pauperis*. On that same date, the plaintiff was directed to provide the Court with proof that he had exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). On October 31, 2007, the plaintiff responded and attached copies of his administrative remedies. On July 22, 2008, the undersigned made a preliminary review of this matter and filed a Report and Recommendations recommending that the plaintiff's claims against Harley Lappin, Joyce Francis, E. Mace, Co. Hobrat, the US Attorney, John Doe, Jane Doe, and all unknown parties be dismissed with prejudice. However, upon review of the information contained in the plaintiff's administrative remedies, the undersigned determined that the plaintiff's complaint, liberally construed, raised an allegation of deliberate indifference and recommended that Spears, Wilson, and Miller be made to answer the complaint. Following a review of the plaintiff's objections, the Court adopted the Report and Recommendation and ordered that

1

Spears, Wilson and Miller be served. On October 15, 2008, the defendants filed a Motion to Dismiss Robert Spears, Mark Wilson, and Brett Miller and Substitute the United States. In addition, the US Attorney filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. On October 16, 2008, a Roseboro Notice was issued. As of the date of this Report and Recommendation, the plaintiff has failed to respond. Accordingly, this matter is now pending before me for a Report and Recommendation.

## I. The Complaint

At the time the plaintiff filed his complaint on August 22, 2007, his job assignment at FCI Gilmer was as a dish washer. The plaintiff indicates that he had been working at that position for over four years. The plaintiff states that on October 9, 2006, he was working his normally scheduled hours and performing his normal functions when the door of the dishwasher he was cleaning fell on his right hand and caused severe injuries. As a result of the injury, the plaintiff was required to wear a plaster cast on his right hand for four weeks. The plaintiff maintains that he suffers physical anguish and stress related disorder from the accident. He seeks damages in an unspecified amount from the defendants for failure to adequately perform normal servicing maintenance on the dish washer.

As evidenced by the materials submitted by the plaintiff, he filed an administrative remedy at the institutional level, claiming that he not only broke his right hand in October of 2006, but also severely cut three fingers on his left hand in February 2006. The plaintiff maintained that both injuries stemmed "from staff shaking down the dish machine and not replacing the doors as they should be installed." The plaintiff also maintained that these actions demonstrated deliberate indifference on the part of the staff. The plaintiff's administrative remedy was denied through all three levels of the administrative process, and he has properly exhausted his administrative remedies.(Doc. 13).

## II. The Defendants' Answer

In response to the plaintiff's complaint, the defendants argue that "assuming that the plaintiff has a cognizable claim of negligence, this action must be brought against the United States pursuant to the terms and conditions of the Federal Tort Claim Act ("FTCA")...based on the United Sate Attorney's certification that Robert Spears, Brett Miller and Mark Wilson, were at the relevant times acting within the scope of their office or employment at the time of the incident out of which the claim arose." (Doc. 39-2, p. 1). Therefore, the defendants have filed a Motion to Dismiss the individual defendants and substitute the United States as the sole defendant. In addition, the defendants argue that the Inmate Accident Compensation Act ("IACA") is an inmate's sole means of recovery for work-related injuries. Therefore, they argue that this case must be dismissed.

## II. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957).

### B. Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c

of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be § granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

### III. Discussion

### A. BIVENS CLAIM

At the time this case was screened, the undersigned was unaware that the plaintiff had filed an administrative settlement under the FTCA, and assumed that he was filing a Bivens action. However, having been made aware that the plaintiff did, indeed, file an administrative tort claim,

4

it would now appear that the complaint he filed with this court was pursuant to the FTCA. Although the plaintiff does not mention the FTCA, it is pertinent to note that his administrative tort claim was denied by letter dated February 21, 2007. The letter explained to him that pursuant to the decision in U.S. v. Denko, supra, his sole means of recovery for work-related injuries was through the Inmate Accident Compensation Act. Accordingly, the letter stated that his claim under the FTCA was denied. It further advised him that he had six months from the date of the letter to bring suit in an appropriate United States District Court if he was not satisfied with the determination. His complaint was filed on August 22, 2007, exactly six months later. Although he does not mention the FTCA in his complaint, it stands to reason, given the timing, that his intent was to file a FTCA. However, out of an abundance of caution, the undersigned has reviewed the pleadings again for purposes of determining whether it raises an actionable Bivens claim.

The undersigned recognizes that the Fourth Circuit has not specifically decided whether a Bivens action may be maintained by an inmate when the injury resulted from a work-related accident. See Yorkey v. Petiiford, 2007 WL 2750068 (D.S.C. September 20, 2007). However, there is a split of authority among the circuits on this issue. *Compare* Alvarez v. Gonzales, 155 Fed. Appx. 393, 396 (10th Cir. 2005)(barring a Bivens action where the injury is work related; Springer v. U.S., 229 F.3d 1154 (6th Cir. 2000)(Inmate Accident Compensation Act barred FTCA and Bivens claims which arose from injuries incurred while performing prison job); *with* Bangola v. Kindt, 29 F.2d 779, 780 (7th Cir. 1994)(upholding lower court's determination that the Inmate Accident Compensation Act does not preclude Bivens action); Vacarro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996)(Inmate Accident Compensation Act does not bar Bivens claim); Garcia-Comacho v. Maldonado, 2007 WL 2228623 (5th Cir. 2007) (remanding Bivens claim involving a work related

injury). Moreover, within this judicial district, a Bivens action was allowed to be maintained by an inmate when the injury was work-related. See Dabney v. Bledsoe, 2006 WL 1376903 (N.D.W.V. May 17, 2006).

The plaintiff's administrative tort claim and the administrative remedies[1] filed with the Bureau of Prisons ("BOP") contain the same allegations with some additional legal terms added in the administrative remedies. Specifically, in his administrative tort claim, the plaintiff alleges that the staff's "negligence and wrongful acts" and "negligent attitude" resulted in his initial injury in February of 2006 and his subsequent injury on October 6, 2006. (Doc. 41-3, p. 5). In his administrative remedies, the plaintiff alleges that the "only time I have suffered injury is from the negligence from staff actions" (Doc. 13, p. 7). In addition, he notes that "all this has now shown a most deliberate indifference to prisoner safety in the food service department." (Doc. 13, p. 4). Despite this legal "jargon", the plaintiff clearly raises a negligence claim, not a claim of deliberate indifference. As the Fourth Circuit has noted:

> To be sure, the original complaint throws in words and phrases such as 'deliberate indifference.' 'Malicious,' 'outrageous,' and 'wanton' when describing the conduct of the officers. The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b0(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference.

Young v. City of Mount Ranier, 238 F.3d 567, 577 (5th Cir. 2001).

A prison official cannot act with deliberate indifference unless the official knows of and disregards an excessive risk to inmate safety or health. Stated more definitively, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious

---

[1] When the undersigned received copies of his administrative remedies in response to the order to demonstrate exhaustion, the undersigned construed the administrative remedies as part of the complaint.

6

harm exists, and he or she must also draw such an inference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

When an inmate brings a claim based on a work related injury, "it is not the injury itself that gives rise to a Bivens claim. Rather, in such cases the court must determined whether prison officials acted or failed to act with a sufficiently culpable state of mind, in order to determine whether a prisoner's injury was the result of punishment or a tragic accident." See Bagola v. Kindt, 131 F.3d 632, 646 (7th Cir. 1977).

There is no dispute that the plaintiff's injury occurred while he was operating the dish washing machine in the food services department. The injury report indicates that plaintiff was given a safety talk in October of 2006, the same month that he was injured. In addition, he was issued safety gloves and was wearing them at the time of the accident. Proper guarding was also in place. As corrective measure, the plaintiff was instructed to execute caution when opening and closing the dish machine doors. (Doc. 41-3, p. 1). The report also indicates that the dish washer door was inspected and adjustments were made to insure that more tension was applied. Finally, the report indicates that the plaintiff was instructed to inform his supervisors if equipment appeared to be malfunctioning in the future. (Doc. 41-3, p. 3). In addition, although the plaintiff maintains that staff remove the doors to the dish washing machine and do not replace them properly, the doors are spring loaded and can only be removed by a qualified Hobart technician using special tools. (Doc. 13, p. 5). Finally, it is pertinent to note that the dish machine doors were inspected and repaired, if needed, by a certified Hobart Repairman in April and September of 2006. Accordingly, it is clear neither Spears, Wilson, or Miller acted with deliberate indifference, and the plaintiff's Bivens claim, to the extent that he intended to advance one, is due to be dismissed for failure to state a claim.

## B. FTCA

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

By the IACA, Congress has authorized Federal Prison Industries, Inc., a federal corporation to pay inmates "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). See also 28 C.F.R. § 301.101, *et seq*. This accident compensation procedure is the exclusive remedy for inmates injured while working in BOP institutions. United States v. Demko, 385 U.S. 149 (1966). Injured inmates who are covered by the IACA may not bring claims under the FTCA. Id. See also, 28 C.F.R. § 301.319. There is no question that the plaintiff alleges that he suffered a work related injury. Therefore, his FTCA is barred as a matter of law.

## V. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that: (1) the defendant's Motion to Dismiss Defendants Robert Spears, Mark Wilson and Brett Miller and Substitute the United States (Doc. 39) be **GRANTED**; (2) that the Motion to Dismiss, or in the alternative for Summary Judgment (Doc. 40) be **GRANTED** and the plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which

objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene P. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

Dated: December 18, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE